THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARTIN D. LOPPY, Appellant.

In reviewing the evidence on appeal in a criminal case under the Code of Criminal Procedure (§§ 485, 517, 528, as amended by chap. 493, Laws of 1887), where the judgment is of death, this court is governed by the practice regulating appeals to the Supreme Court in dealing with questions of fact.

Unless, therefore, there are circumstances indicating some partiality, mistake, error or prejudice on their part, the findings of the jury on disputed and conflicting evidence must be taken as conclusive.

(Argued June 8, 1891; decided October 6, 1891.)

APPEAL from judgment of the Court of General Sessions of the Peace in and for the city and county of New York, entered November 28, 1890, upon the verdict of a jury convicting defendant of the crime of murder in the first degree.

The following is an extract from the opinion:

"This case is an illustration of the general character of the appeals taken in capital cases, under the recent statute (Chap. 493, Laws of 1887) authorizing appeals directly from the trial to this court. This statute makes the formality of filing and serving a notice of appeal operative as a stay of proceedings on the judgment of conviction, and imposes upon the county where the conviction was had the labor and expense of preparing and printing the record for a review, without regard to the question whether any errors were committed on the trial or not. Thus, without any risk, expense or burden on his part, a convicted criminal is allowed to secure a delay of many months in the execution of his sentence and impose upon the People unnecessary expense, and upon the courts the burden of examining cases generally destitute of merit. The unlimited license thus given to criminals to create delay and expense is invariably availed of, and a large majority of the appeals thus taken to this court have come to us, either without exceptions, or, if any, those usually of the most trivial character. This case forms no exception to the general character of such cases. There is but one exception in the case which has been called to our attention, and that is of a frivolous and unimportant character. The main object which these appeals have, if any beyond creating delay, seems to be to see if the court can, on a review of the evidence, discover some ground, not perceptible to counsel, upon which to base a reversal of the findings of the jury on questions of fact. The rule repeatedly laid down by this court, that such questions are for the exclusive consideration of juries, seems to have had no restraint upon the freedom with which such appeals have been taken, as, indeed, there is no good reason why it should so long as criminals, without trouble or expense to themselves, are encouraged by the law to take appeals and thereby secure delay at all times, and a possible chance of escaping punishment for their crimes. (*People* v. *Wood*, 123 N. Y. 632;

*People* v. *Jugigo,* Id. 630 ; *People* v. *Cignarale,* 110 id. 28 ; *People* v. *Kelly,* 113 id. 647.)

" This condition of the record leaves but one question open to us to examine, and that is whether the evidence discloses any just reason why the judgment of the court below should not be enforced. In reviewing the evidence in such a case this court has frequently laid down the rule that we shall be governed by the practice regulating appeals to the Supreme Court in dealing with questions of fact. This practice regards the jury as the ultimate tribunal for the investigation and determination of questions of fact, and, unless there are circumstances indicating some partiality, mistake, error or prejudice on their part, to regard their findings on disputed and conflicting evidence as conclusive. (*People* v. *Cignarale, supra; People* v. *Kelly, supra.*)

" A careful perusal of the evidence in this case leads us to the conviction that the jury have made no mistake in their verdict."

After a full consideration of the evidence the court say :

" Sufficient has been related of the circumstances of this crime to show that the jury were not only justified in their verdict, but were compelled to the conclusion which it indicated.

" We are, therefore, of the opinion that the ends of justice require us to approve the verdict of the jury and affirm the judgment appealed from."

*William F. Howe* for appellant.

*McKenzie Semple* for respondent.

RUGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.